On Motion for Rehearing and Clarification

COPE, J.
By a motion for rehearing, Mercy Hospital presses its claim that the issues on which this-court has reversed the judgment were not properly preserved for appellate review. We disagree and adhere to the previously-issued opinion.
For present purposes, we need only address plaintiffs’ first, and third, motions for mistrial.[1] During plaintiffs’ direct examination of two of its principal witnesses, the trial court interrupted to comment, within the hearing of the jury, regarding what the evidence had, and had not, shown. The court in each case then propounded a cross-examination-type question to the witness on a material issue in the case. There can be no doubt that this suggested the court’s view of the facts to the jury. Although the court acted with the idea of expediting the proceedings, the remarks and questions caused serious, irremediable harm to the plaintiffs’ case.[2]
In each instance plaintiffs’ counsel immediately asked for a sidebar conference.[3] In each case the sidebar conference was refused until the witness had finished testifying and had left the witness stand. When counsel were then allowed to approach the bench, plaintiffs’ counsel moved for a mistrial on the basis that the court’s comments on the evidence and examination of the witnesses had deprived the plaintiffs of a fair trial. The motions for mistrial were denied. As the motions for mistrial were promptly made at the first opportunity, we reject the Hospital’s claim that there was a waiver or undue delay on the part of plaintiffs.
The Hospital contends, however, that in addition to moving for a mistrial, the plaintiffs were required to make an objection[4] and request a curative instruc *958 tion. That argument is not well taken. Here the trial court’s comments to the jury regarding what the evidence had shown, and the propounding of cross-examination-type questions to material witnesses on material issues in the case created harm to the plaintiffs’ case which could not be cured by the simple sustaining of an objection or the granting of a curative instruction.[5] The stating of an objection or the requesting of a curative instruction would have been superfluous in these circumstances. See James v. State, 695 So.2d 1229, 1234 (Fla.1997), cert. denied, — U.S. -, 118 S.Ct. 569, 139 L.Ed.2d 409 (1997); Fogelman v. State, 648 So.2d 214, 219 (Fla. 4th DCA 1994); Millett v. State, 460 So.2d 489, 492 (Fla. 1st DCA 1984).
For the stated reasons, the motion for rehearing is denied.
Clarification granted; rehearing denied.

. After the first motion for mistrial was denied, plaintiffs made a second motion for mistrial at the beginning of the next trial day. This renewed, and expanded on, the first motion for mistrial. At the conclusion of the case, plaintiffs made their fourth motion for mistrial, which renewed the three previously-made motions.

. In making the comments and asking the questions, the trial judge was simply attempting to speed up the trial of the case. The judge stated, and we agree, that the judge had no intention of taking sides in the litigation. As explained in our original opinion, regardless of the judge’s subjective intention, such comments and questions from the bench in a jury trial have great influence on the jury, and should be avoided.

. In the case of the third motion for mistrial, plaintiffs’ counsel first objected and then immediately requested a sidebar conference.

. Plaintiffs did immediately object in conjunction with the third motion for mistrial, but not the first.

. After the first motion for mistrial the court voluntarily gave what amounted to a curative instruction. It is our view that the curative instruction was inadequate to correct the harm which had been done to plaintiffs' case.